# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICHARD B. McNEMAR

    Petitioner,

v.                                                                                              Civil Action No.: 1:15–CV–237
                                                                                                        (JUDGE KEELEY)

MARVIN PLUMLEY, Warden

    Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On December 28, 2015, *pro se* Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. After this Court granted Respondent's Motion for an Extension of Time to File a Response [ECF Nos. 16 & 17], he filed his Response and a Motion to Dismiss on March 21, 2016. ECF Nos. 19 & 20. On March 28, 2016, the Court entered a *Roseboro* Notice and gave Petitioner twenty-one days to respond to the Motion. ECF No. 22. On April 7, 2016, Petitioner filed his Response in Opposition to Respondent's Motion to Dismiss. ECF No. 24. Respondent filed a Reply on April 29, 2016. ECF No. 25.

### II. BACKGROUND

Petitioner was convicted of Sexual Abuse in the First Degree and Sexual Abuse by a Parent, Guardian, Custodian or Person in a Position of Trust on July 29, 2008. ECF No. 19-1 at 10. Petitioner did not file a direct appeal. *See Id.* at 33. Petitioner did, by counsel, file a petition for writ of habeas corpus in state court arguing fifteen grounds for relief, and the state court held a two-day omnibus hearing before denying the petition on July 1, 2010. *Id.* at 47–77. A significant portion of the filings and the Judge's order was devoted to Petitioner's claim that his trial attorney provided

ineffective assistance of counsel. *See Id.* Petitioner appealed the lower court's decision to the West Virginia Supreme Court of Appeals ("WVSCA"), which affirmed by memorandum decision on November 30, 2012. ECF No. 19-2 at 75. Petitioner subsequently filed a second Petition for Writ of Habeas Corpus, and counsel was again appointed. *See* ECF No. 19-4 at 47. In Petitioner's second state habeas petition, he alleged that he received ineffective assistance of habeas counsel from the attorney who represented him during his first habeas proceeding. *Id.* at 45–51. Petitioner's second state petition was denied on February 10, 2015. *Id.* at 51. Petitioner then appealed the lower court's order denying his second habeas petition to the WVSCA. On November 6, 2015, the WVSCA affirmed the lower court's order denying Petitioner's second state habeas petition.

### III. DISCUSSION

Petitioner raises two grounds in his § 2254 Petition: that he was denied effective assistance of habeas counsel (1) for counsel's failure to file a direct appeal while acting as appellate counsel; and (2) for failing to argue that, in violation of *Brady*, the State intentionally withheld an interview report taken from the victim. ECF No. 1 at 6, 10. Specifically, under the first ground, Petitioner asserts that his habeas attorney was ineffective for not filing a direct appeal and not raising a biased jury or improper jury instructions claim in the state habeas proceeding. ECF No. 1 at 6–8. As to the second ground, Petitioner contends that his habeas counsel's performance was ineffective by failing to raise a *Brady* claim against the State for not turning over an interview report written by the interviewer who initially spoke with the victim. *Id.* at 10–11.

Arguing that it is procedurally barred, the Respondent moved this Court to dismiss the Petition, citing 28 U.S.C. § 2254(i). ECF No. 20. Further, in anticipation of Petitioner's response, the Respondent preemptively asserted that *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino*

*v. Thaler*, 133 S. Ct. 1911 (2013), do not apply to Petitioner's case. In his Response, Petitioner avers that the Respondent "simply feigns ignorance of the law in misapplying *Martinez* and *Trevino* in order to escape the fact that Petitioner is not procedurally barred." ECF No. 24 at 2. The Respondent counters that Petitioner "misunderstands the law" because it "does not provide for claims of ineffective assistance of [*h*]abeas [c]ounsel as a ground for relief." ECF No. 25 at 2. More specifically, the Respondent argues that "[a]n ineffective assistance of [t]rial [c]ounsel claim may only be used to lift a procedural bar to a claim of ineffective assistance of [t]rial [c]ounsel claim when the ineffective assistance of [t]rial [c]ounsel claim was not raised by [h]abeas [c]ounsel." *Id.* Perhaps more clearly, the Respondent later explains, "to lift the procedural bar under *Martinez* and *Trevino*,[1] Petitioner would have to claim ineffective assistance of [*h*]abeas [c]ounsel caused him to be unable to raise his ineffective assistance of [t]rial [c]ounsel claim. . . . However, Petitioner does not make that claim." *Id.* at 4.

## IV. ANALYSIS

Petitioner lists two grounds that are both rooted in the same argument: ineffective assistance of habeas counsel. This is problematic for Petitioner because 28 U.S.C. § 2254(i) provides that "ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." Taking note that this provision is "expansive in its prohibition[,]" the Sixth Circuit explained that the statute's language is clear; "[i]t expressly bars relief grounded on claims of incompetent or ineffective

---

[1] *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), narrowly extended the Supreme Court's holding in *Martinez* to cover the same set of facts arising in a jurisdiction that does not require an ineffective assistance of trial counsel claim be raised in an initial collateral review proceeding, such as West Virginia. However, because *Martinez* does not apply to the case *sub judice*, as more fully explained below, the undersigned is of the belief that a detailed discussion of *Trevino* is unnecessary.

counsel . . . ." *Post v. Bradshaw*, 422 F.3d 419, 423 (6th Cir. 2005). Moreover, the Court noted, § 2254(i) "bars 'relief,' not simply particular kinds of relief, such as a writ of habeas corpus." *Id.* Further, A Petitioner does not have a federal constitutional right to effective assistance of counsel during state postconviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Mackall v. Angelone*, 131 F.3d 442, 446–49 (4th Cir. 1997). In response, Petitioner avers that *Martinez* and *Trevino* save his Petition. The undersigned disagrees.

To be sure, "[t]he doctrine barring procedurally defaulted claims from being heard is not without exceptions." *Martinez*, 132 S. Ct. at 1316 (2012). Yet, the *Martinez* Court explicitly limited its holding to a narrow and specific set of circumstances. "This limited qualification to *Coleman*[,]" the Court noted, "does not implicate the usual concerns with upsetting reliance interests protected by *stare decisis* principles. *Coleman* held that an attorney's negligence in a postconviction proceeding does not establish cause, and this remains true except as to initial-review collateral proceedings for claims of ineffective assistance of counsel at trial." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722 (1991)).

Here, neither of Petitioner's grounds pertain to ineffective assistance of *trial* counsel. Accordingly, as the Respondent argues, *Martinez* has no impact on the instant Petition. Therefore, the undersigned is left to conclude that 28 U.S.C. § 2254(i) is applicable, and, as such, Petitioner's arguments regarding any alleged deficiencies of his habeas attorney before the state courts are non-cognizable. *See Carter v. State*, No. 97-7244, 1998 WL 252733 (4th Cir. May 14, 1998).[2]

## V. RECOMMENDATION

---

[2] This Court is aware of the Fourth Circuit admonishment that it disfavors citation to unpublished decisions; however, this Court believes it can find no better authority than an applicable unpublished decision.

4

Based upon the foregoing, the undersigned **RECOMMENDS** that the Respondent's [ECF No. 20] Motion to Dismiss as Procedurally Barred be **GRANTED** and Petitioners [ECF No. 1] Petition for Writ of Habeas Corpus be **DENIED** and **DISMISSED WITH PREJUDICE**.

Any party may, within fourteen (14) days of the filing of this recommendation, file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.

A copy of any objections shall also be submitted to the United States District Judge of record. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985): *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, at their last known address as reflected on the docket sheet, and to any other counsel of record, as applicable.

**DATED**: May 20, 2016

/s/ *James E. Seibert*
**JAMES E. SEIBERT**
**U.S. MAGISTRATE JUDGE**