IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICHARD B. MCNEMAR,

        Petitioner,

v.                  //    CIVIL ACTION NO. 1:15CV237
                             (Judge Keeley)

MARVIN PLUMLEY, Warden,

        Respondent.

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26], GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 20], AND DENYING CERTIFICATE OF APPEALABILITY

On December 28, 2015, the petitioner, Richard B. McNemar ("McNemar"), filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus ("Petition") (Dkt. No. 1). Pursuant to 28 U.S.C. § 636 and LR PL P 2, the Court referred the case to the Honorable James E. Seibert, United States Magistrate Judge, for initial review. Thereafter, the respondent, Warden Marvin Plumley ("Plumley"), filed a motion to dismiss the Petition as procedurally barred (Dkt. No. 20).

On May 20, 2016, Magistrate Judge Seibert entered a Report and Recommendation ("R&R"), which recommended that the Court grant Plumley's motion to dismiss and deny and dismiss the Petition (Dkt. No. 26). McNemar filed timely objections to the R&R (Dkt. No. 28). For the reasons that follow, the Court **ADOPTS** the R&R (Dkt. No. 26), **GRANTS** Plumley's motion to dismiss (Dkt. No. 20), and **DENIES** and **DISMISSES** the Petition **WITH PREJUDICE** (Dkt. No. 1).

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 26], GRANTING RESPONDENT'S MOTION TO
DISMISS [DKT. NO. 20], AND DENYING CERTIFICATE OF APPEALABILITY**

## I. BACKGROUND

### A.    State Proceedings

In May 2008, a grand jury in Harrison County, West Virginia,
indicted McNemar on various sexual molestation charges involving
the granddaughter of McNemar's girlfriend (Dkt. No. 19-5 at 44).
Following a trial in the Circuit Court of Harrison County, West
Virginia ("Circuit Court"), a jury convicted McNemar of one count
of sexual abuse in the first degree and one count of sexual abuse
by a parent, guardian, custodian, or person in a position of trust
(Dkt. No. 19-1 at 10). Following the conviction, McNemar filed a
motion for a new trial and a motion for a post-verdict judgment of
acquittal. The Circuit Court denied both motions, id. at 52, and on
April 23, 2009, sentenced McNemar to concurrent terms of
imprisonment totaling 10-20 years. Id. at 10.

McNemar then retained attorney Thomas G. Dyer ("Dyer") to
represent him on his direct appeal. Although Dyer filed a notice of
appeal on May 20, 2009, id. at 20-25, he never actually filed an
appeal on McNemar's behalf. Instead, he advised McNemar to pursue
his "chief, if not sole complaint," of ineffective assistance of
trial counsel as a habeas petition. Id. at 33.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26], GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 20], AND DENYING CERTIFICATE OF APPEALABILITY**

On August 21, 2009, McNemar filed a <u>pro se</u> petition for a writ of habeas corpus in the Circuit Court. That court then appointed Dyer to assist McNemar, after which Dyer filed an amended petition raising the following issues: insufficient indictment, coerced confession, suppression of helpful evidence, perjured testimony, transcript falsification, unfulfilled plea bargain, ineffective assistance of counsel, failure to provide a copy of the indictment, defects in the indictment, non-disclosure of grand jury minutes, refusal to turn over witness notes, erroneous evidentiary rulings, prejudicial statements, sufficiency of the evidence, and mistaken advice of counsel. <u>Id.</u> at 47-51.

The Circuit Court in Harrison County held an omnibus hearing to address the issues in the amended petition on March 31 and April 1, 2010. <u>Id.</u> at 48. In a comprehensive 31-page order, the Circuit Court denied McNemar's amended petition. <u>Id.</u> at 76. In the course of doing so, it specifically concluded that, having been "cautioned . . . at the outset of the hearing that any grounds not raised in [the] hearing would be deemed waived," McNemar had waived all grounds not raised in the petition. <u>Id.</u> at 75. McNemar appealed these rulings to the Supreme Court of Appeals of West Virginia ("Supreme Court of Appeals"), which affirmed the Circuit Court's

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26], GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 20], AND DENYING CERTIFICATE OF APPEALABILITY**

rulings in a memorandum decision dated November 30, 2012 (Dkt. No. 19-2 at 79).

On March 14, 2013, McNemar filed a second habeas petition in the Circuit Court, asserting twelve additional grounds for relief (Dkt. No. 19-3 at 4).[1] In his petition, McNemar alleged that his habeas counsel, Dyer, had misadvised him not to take a direct appeal, had failed to frame certain issues as constitutional, and had not effectively examined witnesses during the omnibus hearing. Id. at 16, 20, 23. In the remaining grounds, he alleged that Dyer had been ineffective as habeas counsel for failing to raise certain alleged instances of trial error and ineffective assistance of trial counsel. The Circuit Court appointed Jason T. Gain ("Gain") to represent McNemar. Although Gain filed an amended petition, id. at 50, McNemar, acting pro se, filed a supplement to that petition, in which he alleged additional examples of Dyer's ineffectiveness as habeas counsel. McNemar further complained that Gain had failed to include in the amended petition all the claims he wished to exhaust in state court (Dkt. No. 19-4 at 2-37).

_____

[1] While this petition was pending, McNemar filed a § 2254 petition in this district that was docketed before the Honorable John Preston Bailey, United States District Judge. McNemar voluntarily dismissed this petition without prejudice on June 12, 2013 (Dkt. No. 1-1 at 1-4).

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 26], GRANTING RESPONDENT'S MOTION TO
DISMISS [DKT. NO. 20], AND DENYING CERTIFICATE OF APPEALABILITY**

Following an omnibus hearing held on November 19, 2014, the
Circuit Court denied McNemar's second petition. Id. at 45-51. The
court concluded that Dyer had provided effective assistance during
the first habeas proceeding, and that McNemar's other claims were
barred by waiver or res judicata. Id. at 47. Following McNemar's
appeal, the Supreme Court of Appeals affirmed these rulings in a
memorandum decision dated November 6, 2015. Id. at 49, 54.

**B.    The § 2254 Petition**

On December 28, 2015, McNemar filed a § 2254 Petition in this
Court, claiming to have exhausted his state remedies and asserting
two grounds for relief (Dkt. No. 1). As his first ground, McNemar
claimed that Dyer, whom he had first retained to represent him on
direct appeal, had provided ineffective assistance on appeal by
advising McNemar "that he had no viable or non-frivolous issues on
appeal[,] and it would be best to proceed on a Writ of Habeas
Corpus." Id. at 6.[2] More particularly, McNemar contended that Dyer
should have raised arguments concerning jury bias and improper jury
instructions on direct appeal, rather than present weaker arguments
on collateral attack. Id. at 7. As his second ground, McNemar

---

[2] McNemar phrased this ground as "Petitioner was denied
effective assistance of habeas counsel (while acting as hired
appellate counsel) by his failure to take up a direct appeal of
Petitioner's criminal conviction" (Dkt. No. 1 at 6).

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 26], GRANTING RESPONDENT'S MOTION TO
DISMISS [DKT. NO. 20], AND DENYING CERTIFICATE OF APPEALABILITY**

asserted that Dyer had provided ineffective assistance as habeas
counsel by failing to ask "the Circuit Court for a continuance in
order to supplement the argument that the State withheld [an]
interview report from Petitioner's trial counsel." Id. at 10-11.

**C.   Respondent's Answer and Motion to Dismiss**

On January 26, 2016, Magistrate Judge Seibert directed the
respondent, Plumley, to show cause on the limited issue of
timeliness (Dkt. No. 13). After receiving an extension of time,
Plumley filed his answer on March 21, 2016, in which he conceded
that the Petition was timely filed and that McNemar had
successfully exhausted his state remedies (Dkt. No. 19 at 2-13).
Plumley also filed a motion to dismiss the Petition (Dkt. No. 20)
on the basis that McNemar was procedurally barred "from raising his
claims in the guise of an ineffective assistance claim, when in
fact they were no more than ordinary trial error" (Dkt. No. 21 at
2). He further argued that 28 U.S.C. § 2254(i) precluded McNemar
from asserting the ineffective assistance of his state habeas
counsel as a ground for relief. Id. at 1-2.

Anticipating that McNemar would rely on Martinez v. Ryan, 566
U.S. 1 (2012), and Trevino v. Thaler, 133 S.Ct. 1911 (2013), to
argue that his claim of ineffective assistance of habeas counsel
allows the Court to address an otherwise procedurally defaulted

6

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26], GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 20], AND DENYING CERTIFICATE OF APPEALABILITY**

claim, Plumley contended that those cases were inapplicable because they involved underlying claims for ineffective assistance of <u>trial</u> counsel (Dkt. No. 21 at 2-4). In response, McNemar asserted that Plumley "is attempting to confuse this Court with [his] facile response by not mentioning that Petitioner has stated his appellate counsel was ineffective. . . . Respondent is leaving out that Petitioner's habeas counsel (appointed by the Court), was also his direct appellate counsel" (Dkt. No. 24 at 3).

At bottom, McNemar's argument before Magistrate Judge Seibert was that both <u>Martinez</u> and <u>Trevino</u> should apply to his case because the allegedly ineffective assistance of his habeas counsel prevented him from raising the jury bias and instruction issues on direct appeal. <u>Id.</u> at 3-5. Further, he contended that the <u>Brady</u> violation asserted as his second ground should overcome any procedural bar because it meets the "cause and prejudice" and "miscarriage of justice" standards for doing so. <u>Id.</u> at 5-6.

**D.    R&R and Objections**

In his R&R, Magistrate Judge Seibert recommended that the Court grant Plumley's motion to dismiss and deny the Petition (Dkt. No. 26 at 5). He concluded that § 2254(i) precluded McNemar's claim that Dyer was ineffective in his role as habeas counsel. Further, he agreed with Plumley that neither <u>Martinez</u> nor <u>Trevino</u> provides

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26], GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 20], AND DENYING CERTIFICATE OF APPEALABILITY**

a pathway for McNemar to overcome any procedural bar to his arguments. Id. at 4-5. McNemar objected to the R&R on May 31, 2016, contending that Martinez applies to his case, and that he is actually innocent (Dkt. No. 28).

## II. STANDARDS OF REVIEW

### A.   Pro Se Pleadings

The Court must liberally construe pro se pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A pro se complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which the plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B.   Report and Recommendation

When reviewing a magistrate judge's R&R, the Court need review de novo only those portions of the R&R to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object."

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26], GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 20], AND DENYING CERTIFICATE OF APPEALABILITY**

Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation as to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

## III. DISCUSSION

Under 28 U.S.C. § 2254, the Court may only entertain an application for a writ of habeas corpus from a state prisoner "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]f a claim is exhausted in state court and not procedurally defaulted, then it was adjudicated on the merits and subject to review under . . . § 2254(d)." Gray v. Zook, 806 F.3d 783, 798 (4th Cir. 2015). A court may not grant a writ regarding a claim "adjudicated on the merits in State court" unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 26], GRANTING RESPONDENT'S MOTION TO
DISMISS [DKT. NO. 20], AND DENYING CERTIFICATE OF APPEALABILITY**

28 U.S.C. § 2254(d). In addition, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." Id. § 2254(i).

**A.    McNemar's First Ground**

As his first ground, McNemar claims that he "was deprived of valuable constitutional appellate review" because Dyer, whom he hired to effectuate his direct appeal, advised him there were no non-frivolous issues to present on appeal (Dkt. No. 1 at 6). McNemar contends that this advice was constitutionally deficient because Dyer failed to identify and present appellate arguments regarding the actual bias of two jurors, the implied bias of seven jurors, and a jury instruction concerning whether McNemar's admissions were voluntary. Id. at 7-8. Although this first ground is not barred by 28 U.S.C. § 2254(i), the Court concludes that it was procedurally defaulted by McNemar in state court. The Court further concludes that McNemar has failed to establish "cause and prejudice" or a "miscarriage of justice" necessary to overcome the resulting bar to his petition.

**1.    28 U.S.C. § 2254(i)**

Title 28 U.S.C. § 2254(i) prohibits the Court from reviewing "ineffectiveness or incompetence of counsel during . . . State

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26], GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 20], AND DENYING CERTIFICATE OF APPEALABILITY**

collateral post-conviction proceedings." The Court, however, must liberally construe McNemar's Petition in light of his pro se status. Estelle, 429 U.S. at 106. When it is so construed, McNemar clearly is not seeking relief based on Dyer's representation in his habeas case. Although McNemar states that he "was denied effective assistance of habeas counsel," the Petition qualifies that allegation, asserting clearly that, at the relevant time, Dyer was "acting as hired appellate counsel" (Dkt. No. 1 at 6).

There can be no debate that McNemar had a constitutional right to the effective assistance of counsel on his first criminal appeal. See Evitts v. Lucey, 469 U.S. 387 (1985); Douglas v. California, 372 U.S. 353 (1963); Richardson v. Branker, 668 F.3d 128, 137-44 (4th Cir. 2012). Even if pled inartfully, it is plain that what McNemar seeks in his first ground for relief is to vindicate this right. Therefore, § 2254(i) does not bar McNemar's claim for ineffective assistance of counsel on direct appeal, rather than in a "collateral post-conviction proceeding[]."

## 2. Procedural Default

Plumley, however, contends that McNemar procedurally defaulted this first ground in state court, and is thus barred from raising the claim here (Dkt. No. 21 at 2). Procedural default is an equitable doctrine that acts as a corollary to the exhaustion

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 26], GRANTING RESPONDENT'S MOTION TO
DISMISS [DKT. NO. 20], AND DENYING CERTIFICATE OF APPEALABILITY**

requirement of § 2254. <u>Dretke v. Haley</u>, 541 U.S. 386, 392 (2004).

In federal habeas proceedings, the Court "will not review a

question of federal law decided by a state court if the decision of

that court rests on a state law ground that is independent of the

federal question and adequate to support the judgment . . . whether

the state law ground is substantive or procedural." <u>Coleman v.</u>

<u>Thompson</u>, 501 U.S. 722, 729 (1991). This "adequate and independent

state ground doctrine" prevents petitioners from exhausting their

federal claims in state court through purposeful procedural

default. <u>Id.</u> at 732.

Here, the Circuit Court denied McNemar's claim of ineffective

assistance of appellate counsel when he raised it for the first

time in his second habeas petition, finding that he had waived it,

or it was barred by <u>res judicata</u> (Dkt. No. 19-4 at 45). The Supreme

Court of Appeals affirmed this ruling, concluding that "the circuit

court did not err in finding that '[a]ll other claims for [h]abeas

relief have either been waived or barred by <u>res judicata</u>' pursuant

to . . . Syllabus Point 2 of <u>Losh v. McKenzie</u>" (Dkt. No. 19-5 at

48).

In considering this issue, the Supreme Court of Appeals

reviewed the transcript of McNemar's first habeas omnibus hearing

before the Circuit Court, and found it significant that, during

12

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 26], GRANTING RESPONDENT'S MOTION TO
DISMISS [DKT. NO. 20], AND DENYING CERTIFICATE OF APPEALABILITY**

that hearing, McNemar acknowledged he was waiving any grounds then

known but not asserted. Based on that statement, the appellate

court concluded that McNemar "had adequate opportunity at the first

habeas hearing to raise any issue he desired." Id. at 48-49.

The "waiver" provision referenced by the Supreme Court of

Appeals is found at W. Va. Code § 53-4A-1(c), and provides as

follows:

> [A] contention or contentions and the grounds in fact or
> law relied upon in support thereof shall be deemed to
> have been waived when the petitioner could have advanced,
> but intelligently and knowingly failed to advance, such
> contention or contentions and grounds . . . in a
> proceeding or proceedings on a prior petition or
> petitions filed under the provisions of this article
> . . . .

In Losh v. McKenzie, the Supreme Court of Appeals announced the

following rule of res judicata:

> A judgment denying relief in post-conviction habeas
> corpus is res judicata on questions of fact or law which
> have been fully and finally litigated and decided, and as
> to issues which with reasonable diligence should have
> been known but were not raised, and this occurs where
> there has been an omnibus habeas corpus hearing at which
> the applicant for habeas corpus was represented by
> counsel or appeared pro se having knowingly and
> intelligently waived his right to counsel.

Syl. Pt. 2, Losh v. McKenzie, 277 S.E.2d 606 (W. Va. 1981).

In light of this well-established authority, McNemar cannot be

heard to argue here that the procedural bar on his claim of

13

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 26], GRANTING RESPONDENT'S MOTION TO
DISMISS [DKT. NO. 20], AND DENYING CERTIFICATE OF APPEALABILITY**

ineffective assistance was not based on an adequate and independent
state law ground. See Coleman, 501 U.S. at 729.

### a.    Adequacy of the State Law Ground

A state procedural rule is adequate if "firmly established and
regularly followed." Walker v. Martin, 562 U.S. 307, 316 (2011).
The rule must be firmly established and regularly applied at the
time a petitioner ran afoul of it, not when it was applied by the
state court. See Leyva v. Williams, 504 F.3d 357, 366-67 (3d Cir.
2007). "As a general matter, whenever a procedural rule is derived
from state statutes . . . the rule is necessarily firmly
established." O'Dell v. Netherland, 95 F.3d 1214, 1241 (4th Cir.
1996). A rule is "regularly followed" if "applied consistently to
cases that are procedurally analogous," including "cases in which
the particular claim could have been raised previously but was
not." Jones v. Sussex I State Prison, 591 F.3d 707, 716 (4th Cir.
2010) (quoting McCarver v. Lee, 221 F.3d 583, 589 (4th Cir. 2000)).

As waiver and res judicata are both firmly established
principles of West Virginia jurisprudence that have been
consistently applied by state courts, they provided adequate
grounds of support for the state court's ruling. Walker, 562 U.S.
at 316. Section 53-4A-1(c) waiver is a statutory rule enacted in

14

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26], GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 20], AND DENYING CERTIFICATE OF APPEALABILITY**

1967 and thus "necessarily firmly established." <u>O'Dell</u>, 95 F.3d at 1241.

Furthermore, the doctrine of <u>res judicata</u> articulated in <u>Losh v. McKenzie</u> is firmly established because the Supreme Court of Appeals articulated it in a syllabus point nearly thirty years prior to McNemar's first habeas petition. In West Virginia, "[s]igned opinions containing original syllabus points have the highest precedential value because the Court uses original syllabus points to announce new points of law." Syl. Pt. 1, <u>State v. McKinley</u>, 764 S.E.2d 303 (W. Va. 2014).

Nor has the Supreme Court of Appeals applied these rules inconsistently in cases involving claims of ineffective assistance of counsel. <u>See, e.g.</u>, <u>Hatcher v. Ballard</u>, No. 15-0414, 2016 WL 2979538, at *5 (W. Va. May 23, 2016) (memorandum decision) (declining to address ineffective assistance of counsel claim that could have been raised in prior habeas proceedings); <u>State v. Cline</u>, No. 14-1098, 2015 WL 36944312, at *2 (W. Va. June 15, 2015) (same); <u>Markley v. Coleman</u>, 601 S.E.2d 49, 55 (W. Va. 2004) (noting that ineffective assistance claims can be waived); <u>see also</u> <u>Boothe v. Ballard</u>, No. 2:14cv25165, 2016 WL 1275054, at *46-*49 (S.D.W. Va. Mar. 31, 2016) (holding that waiver under W. Va. Code § 53-4A-1(c) is adequate and independent where "a petitioner is represented

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 26], GRANTING RESPONDENT'S MOTION TO
DISMISS [DKT. NO. 20], AND DENYING CERTIFICATE OF APPEALABILITY**

by counsel and fails to appeal certain claims to the" Supreme Court

of Appeals); Howard v. Ballard, No. 5:08CV112, 2009 WL 1872970

(N.D.W. Va. June 29, 2009) ("[T]here is no evidence that § 53-4A-

1(c) has not been regularly and consistently applied.").

### b.    Independence of the State Law Ground

The decision of the Supreme Court of Appeals barring McNemar's

claim for ineffective assistance of appellate counsel also was

independent of federal law. A state procedural rule is not

independent if it "depend[s] on a federal constitutional ruling on

the merits." Stewart v. Smith, 536 U.S. 856, 860 (2002). In other

words, if the application of a state procedural bar such as res

judicata is predicated on a federal constitutional ruling, it does

not constitute an independent ground. Foster v. Chapman, 136 S.Ct.

1737, 1745-47 (2016); see also Ake v. Oklahoma, 470 U.S. 68, 75

(1985). Moreover, the Supreme Court's established presumption of

federal review includes those cases not only where a state court

judgment "rest[s] primarily on federal law," but also where it

"fairly appears" to be "interwoven with federal law." Coleman, 501

U.S. at 739.

Here, the relevant discussion by the Supreme Court of Appeals

characterized Dyer's advice on direct appeal as "legally sound," a

topic not discussed by the Circuit Court (Dkt. No. 19-5 at 47).

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26], GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 20], AND DENYING CERTIFICATE OF APPEALABILITY**

This cursory reference pertained solely to the parties' dispute over whether McNemar could argue "ordinary trial error in the guise of ineffective assistance of habeas counsel," as well as McNemar's contention that he was "coerced into not pursuing a criminal appeal." Id. This reference was in no way "interwoven" with the court's affirmance of the rulings of the Circuit Court on the grounds of waiver and res judicata. See Oken v. Corcoran, 220 F.3d 259, 264-65 (4th Cir. 2000) (concluding that an "antecedent determination" involving reference to federal law did not make the decision to apply a procedural bar "interwoven" with federal law). Therefore, the bar by the Supreme Court of Appeals was based on adequate and independent state law grounds, and McNemar is not free to pursue those procedurally defaulted claims here.

### 3. Exceptions to Procedural Default

The doctrine of procedural default illustrates the principle that "[f]ederal courts sitting in habeas . . . are not an alternative forum for trying . . . issues which a prisoner made insufficient effort to pursue in state proceedings." Trevino, 133 S.Ct. at 1922 (Roberts, C.J., dissenting) (quoting Williams v. Taylor, 529 U.S. 420, 437 (2000)). Nonetheless, a petitioner may advance procedurally defaulted claims under § 2254 if he "can demonstrate cause for the default and actual prejudice as a result

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26], GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 20], AND DENYING CERTIFICATE OF APPEALABILITY**

of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. McNemar, however, has established neither "cause and prejudice," nor "a fundamental miscarriage of justice."

### a.   Cause and Prejudice

"'Cause' under the cause and prejudice standard must be something external to the petitioner, something that cannot fairly be attributed to him . . . ." Id. at 753. Such an "objective factor external to the defense" might include unavailability of the factual or legal basis for a claim or interference by officials. Id. (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)). Notably, litigants must bear the risk of attorney error; simple ignorance or inadvertence of counsel will not suffice to establish cause. Id. Attorney error that rises to the level of constitutionally ineffective assistance, however, is sufficient to establish cause. A failure to provide counsel as required by the Sixth Amendment must "be imputed to the State" and is thus a factor external to the defense. Id. at 754.

As the Supreme Court articulated in Coleman, the implicit corollary is that a petitioner cannot establish cause based on the inadequate representation of counsel to which he had no

18

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 26], GRANTING RESPONDENT'S MOTION TO
DISMISS [DKT. NO. 20], AND DENYING CERTIFICATE OF APPEALABILITY**

constitutional right, such as counsel appointed on state collateral
review. Id. at 756-57 ("We reiterate that counsel's ineffectiveness
will constitute cause only if it is an independent constitutional
violation."). Nonetheless, in Martinez v. Ryan, the Supreme Court
equitably qualified the rule in Coleman "by recognizing a narrow
exception: Inadequate assistance of counsel at initial-review
collateral proceedings may establish cause for a prisoner's default
of a claim of ineffective assistance at trial." 566 U.S. at 9
(emphasis added). Indeed, such a "collateral proceeding is in many
ways the equivalent of a prisoner's direct appeal" if the state
forbids challenging the assistance of trial counsel on direct
appeal. Id. at 11. Shortly thereafter, in Trevino v. Thaler, the
Supreme Court held that ineffective assistance during initial-
review collateral proceedings may also establish cause for
defaulting an ineffective assistance of trial counsel claim in
states that permit such claims on direct appeal, but "make it
highly unlikely in a typical case that a defendant will have a
meaningful opportunity to raise" the claim. 133 S.Ct. at 1921.[3]

---

[3] The "structure and design" of the West Virginia appellate
system is arguably contemplated by the holding in Trevino. Claiming
ineffective assistance of trial counsel on direct appeal is not
categorically forbidden, but the Supreme Court of Appeals expressly
encourages that such claims be foregone on direct review in favor
of developing a record and presenting them in a habeas proceeding.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26], GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 20], AND DENYING CERTIFICATE OF APPEALABILITY**

Here, McNemar made the counseled decision to forego a direct appeal in favor of attacking the lack of effective assistance from his trial counsel in a habeas proceeding (Dkt. No. 19-1 at 33-34). In his first habeas petition, McNemar raised various trial errors and argued that his trial counsel had been ineffective. Id. at 60.[4] At his first omnibus hearing, where he was represented by counsel,

---

Syl. Pt. 10, State v. Triplett, 421 S.E.2d 511 (W. Va. 1992) ("It is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim.").

[4] The Circuit Court summarized his ineffective assistance of trial counsel allegations as follows (Dkt. No. 19-1 at 60):

> The Petitioner contends that his trial counsel, Wiley Newbold, was ineffective by failing to interview Susan Herald and call her as a trial witness; failing to have the victim, "O.G." evaluated as to her competency and recall; failing to obtain a copy of the DVD containing the victim's statement to Susan Herald; failing to subpoena the victim to testify at trial and/or ask the Court not to release her subsequent testimony in the State's case; failing to consult and/or retain an expert regarding the effect of Lorcet on the Petitioner's statement given to law enforcement; failing to have Petitioner evaluated by an expert to determine the impact of the sexual abuse of Petitioner when he was a child; and by failing to advise the Petitioner of a plea offer made by the State.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26], GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 20], AND DENYING CERTIFICATE OF APPEALABILITY**

McNemar personally acknowledged that he was waiving all claims not raised in that habeas proceeding (Dkt. No. 19-5 at 48-49).

After both the Circuit Court and the Supreme Court of Appeals rejected the claims raised in his first petition, including ineffective assistance of trial counsel (Dkt. Nos. 19-1 at 76; 19-2 at 79), McNemar filed a second habeas petition, in which he included the allegation that Dyer had provided ineffective assistance on direct appeal (Dkt. No. 19-3 at 16). The Supreme Court of Appeals barred the claim, agreeing with the Circuit Court that McNemar had waived it by not raising that ground in his first habeas proceeding (Dkt. No. 19-5 at 48). McNemar now includes that same claim in the first ground of his Petition (Dkt. No. 1 at 6-7).

As recognized, waiver and <u>res judicata</u> are adequate and independent state grounds for denying any claim that Dyer provided ineffective assistance to McNemar on direct appeal. In order to establish cause for that procedural default, McNemar must demonstrate that an "objective factor external to [his] defense" is responsible for his failure to raise that claim in his first habeas proceeding. <u>Coleman</u>, 501 U.S. at 750.

Several of the arguments McNemar raises to advance that cause exists fail to properly address the dispositive issue. For example, McNemar argues that Dyer's alleged ineffective assistance on direct

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26], GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 20], AND DENYING CERTIFICATE OF APPEALABILITY**

appeal in and of itself establishes cause (Dkt. No. 28 at 3). He also argues that Dyer's ineffective assistance on direct appeal establishes cause for his failure to raise various trial errors (Dkt. No. 24 at 3). Neither of these assertions address why McNemar failed to raise his procedurally defaulted claim for ineffective assistance of appellate counsel in the first habeas proceeding.

McNemar's reliance on <u>Martinez</u> and <u>Trevino</u> likewise is unavailing as these cases cannot overcome the bar on his claim for ineffective assistance of appellate counsel. The overwhelming majority of courts to have considered the question have declined to read <u>Martinez</u> any more broadly than its limiting language requires, and have rejected the notion that the ineffective assistance of habeas counsel can lift a procedural bar on claims for the ineffective assistance of appellate counsel, rather than trial counsel. <u>See, e.g.</u>, <u>McClain v. Kelly</u>, 631 F. App'x 422, 431-33 (6th Cir. 2015); <u>Dansby v. Hobbs</u>, 766 F.3d 809, 833 (8th Cir. 2014) ("The right to appellate counsel has a different origin in the Due Process Clause, and even 'the right of appeal itself is of relatively recent origin,' so a claim for equitable relief in that context is less compelling." (internal citation omitted)); <u>Reed v. Stevens</u>, 739 F.3d 753, 778 n.16 (5th Cir. 2014); <u>Hodges v. Colson</u>, 727 F.3d 517, 531 (6th Cir. 2013) (reasoning that "the Supreme

22

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26], GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 20], AND DENYING CERTIFICATE OF APPEALABILITY**

Court meant exactly what it wrote" when it limited the <u>Martinez</u> exception to "claims of ineffective assistance of counsel <u>at trial</u>"); <u>Banks v. Workman</u>, 692 F.3d 1133, 1148 (10th Cir. 2012). <u>But see</u> <u>Nguyen v. Curry</u>, 736 F.3d 1287, 1293-94 (9th Cir. 2013).

In particular, in the Fourth Circuit, absent the "limited circumstances" described in <u>Martinez</u> and <u>Trevino</u>, the rule of <u>Coleman</u> continues to govern: the ineffective assistance of habeas counsel cannot establish cause for a procedural default. <u>Fowler v. Joyner</u>, 753 F.3d 446, 461 (4th Cir. 2014) (quoting <u>Martinez</u>, 132 S.Ct. at 1320); <u>see also</u> <u>Morva v. Zook</u>, 821 F.3d 517, 532-33 (4th Cir. 2016), <u>petition for cert. filed</u>. McNemar's case simply does not fit the "limited circumstances" recognized in <u>Martinez</u>. In his first ground, McNemar claims that Dyer provided ineffective assistance on direct appeal (Dkt. No. 1 at 6-7). <u>Martinez</u> and <u>Trevino</u>, on the other hand, dealt exclusively with claims of ineffective assistance at trial, where the petitioners had no "meaningful opportunity" to present the issue on direct appeal. The rule in <u>Coleman</u> clearly governs this case, prohibiting McNemar from alleging ineffective assistance of his habeas counsel to establish cause for the procedural default of McNemar's first ground.

23

### b.  Miscarriage of Justice

In order to establish a "fundamental miscarriage of justice"
a petitioner must prove that "a constitutional violation has
probably resulted in the conviction of one who is actually
innocent." Prieto v. Zook, 791 F.3d 465, 469 (4th Cir. 2015)
(quoting Carrier, 477 U.S. at 496) (internal quotation omitted). "A
credible showing of actual innocence" can overcome a procedural
bar, thereby providing federal courts the opportunity to "see that
federal constitutional errors do not result in the incarceration of
innocent persons." McQuiggin v. Perkins, 133 S.Ct. 1924, 1931
(2013) (quoting Herrera v. Collins, 506 U.S. 390, 404 (1993)).

Nevertheless, the gateway to success on a claim of actual
innocence is a narrow one, opening only "when a petition presents
'evidence of innocence so strong that a court cannot have
confidence in the outcome of the trial unless the court is also
satisfied that the trial was free of nonharmless constitutional
error.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 316 (1995)).
Such evidence must convince the Court that "it is more likely than
not that no reasonable juror would have convicted [the
petitioner]." Id. at 1933 (quoting Schlup, 513 U.S. at 329).
"[L]atter-day evidence brought forward to impeach a prosecution
witness will seldom, if ever, make a clear and convincing showing

### MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26], GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 20], AND DENYING CERTIFICATE OF APPEALABILITY

that no reasonable juror would have believed the heart of [the witness's] account of petitioner's actions." <u>Sawyer v. Whitley</u>, 505 U.S. 333, 349 (1992).

Here, both in response to the motion to dismiss and also in his objections, McNemar has asserted that he is "100% innocent" and "leans on <u>McQuiggin v. Perkins</u>" (Dkt. No. 28 at 3). He appears to argue that the alleged withholding of a victim interview report, the alleged <u>Brady</u> violation that is the focus of his second ground, involves sufficient newly-discovered evidence of his innocence to overcome the procedural bar (Dkt. Nos. 24 at 5-6; 28 at 3).

Significantly, McNemar never mentioned such a claim in his Petition,[5] nor has he provided the "newly discovered" interview report to the Court. Nevertheless, from McNemar's descriptions of the report, the Court is able to conclude that he cannot satisfy the high evidentiary standard required to assert actual innocence.

---

[5] Plumley appears to argue that McNemar has waived the argument as a result, but procedural default is an affirmative defense. <u>Jones</u>, 591 F.3d at 716. Thus, that McNemar did not raise his innocence until the defense was asserted does not appear dispositive. <u>See</u> <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998) ("The District Court failed to address petitioner's actual innocence, perhaps because petitioner failed to raise it initially in his § 2255 motion. However, the Government does not contend that petitioner waived this claim by failing to raise it below. Accordingly, we believe it appropriate to remand this case to permit petitioner to attempt to make a showing of actual innocence.").

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26], GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 20], AND DENYING CERTIFICATE OF APPEALABILITY

In his second habeas proceeding, McNemar mounted two arguments as to why the interview report would have been valuable. First, he contended that neither the report nor the victim's testimony reflected certain sexual contact, which, he contended, supported his argument that he never committed such acts:

> This document details the accusations of the alleged victim and it does not detail any reference to the alleged masturbation as alleged in Count 1 of the indictment [and it should be noted that the victim did not testify to any masturbatory activity during her testimony at trial]. This is significant because the petitioner had maintained that the statement he gave to police did not detail actual sexual activity between him and O.G. and that he had not molested O.G., and the report further raises questions as to the authenticity of the things stated in the statement given to the police by the petitioner.

(Dkt. No. 19-3 at 29) (internal citations omitted) (alteration in original). Second, he asserted that discrepancies between the report and the victim's testimony could have been used for impeachment purposes:

> (1) At trial, O.G. testified that Petitioner asked her if she wanted some beer, and that if she wanted some she can have some. O.G. then stated that she took a small drink. In the report, she stated that the Petitioner forced her to drink beer.
>
> (2) O.G. testified that the alleged abuse began when she walked into the den and Petitioner stopped her in a nude state. He then allegedly asked her to touch his chest hair and privates. In the report, O.G. stated that she awoke with the Petitioner

     [sic] penis on her and that he forced her to touch his chest.

(3)    O.G. testified that in the midst of the abuse her grandmother asked from upstairs if everything was okay. Such a thing would have been one that forever sticks in the memory of a molested child: one where a loved one was nearby yet unable to help. This detail is shockingly absent from the report.

(4)    In further support that O.G. concocted the sexual allegation, she stated at trial that she slept with the dog "Sassy" the night the incident allegedly occur [sic]. But the testimony of Victori Holiday (whom gave Sassy to Ms. Grunau, the grandmother) verifies that the alleged victim's grandmother did not acquire Sassy until November of 2006. Even Ms. Grunau's testimony stated she did not have Sassy until fall of 2006, well after any time that O.G. testified that the abuse allegedly happen [sic]. The situation with O.G. sleeping with a dog "Sassy" is not mentioned in the report. Had trial counsel been made aware of the mention of a particular dog's name, he could have used such evidence for impeachment purposes instead of being blindsided by it at trial and failing to reserve the right to recall her as a witness.

(Dkt. No. 19-4 at 79-80) (internal citations omitted).

    For such impeachment evidence to support a claim of actual innocence, it must meet an exacting standard. <u>Sawyer</u>, 505 U.S. at 349. Concededly, the interview report could have been helpful to McNemar's case, but it does not constitute "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." <u>Schlup</u>, 513 U.S. at 324. Moreover, the alleged inconsistencies in the report do not make it "more likely than not

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26], GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 20], AND DENYING CERTIFICATE OF APPEALABILITY**

that no reasonable juror would have convicted" McNemar had the report been available to him at trial. <u>Id.</u> at 327.[6] Thus, from the totality of the evidence submitted by McNemar, the Court simply cannot conclude "that no reasonable jury would have believed the heart of [the victim's] account." <u>Sawyer</u>, 505 U.S. at 349.[7]

In summary, although McNemar properly exhausted his first ground, he is barred from raising it here because it was procedurally defaulted in state court. Moreover, McNemar cannot establish "cause and prejudice" or a "miscarriage of justice" sufficient to overcome the resulting procedural bar. Therefore, the Court **ADOPTS** Magistrate Judge Seibert's recommendation and **GRANTS** Plumley's motion to dismiss McNemar's first ground (Dkt. No. 20).

---

[6] For examples of cases discussing impeachment evidence in the context of actual innocence claims, see <u>Munchinski v. Wilson</u>, 694 F.3d 308, 335-36 (3d Cir. 2012) (reasoning that impeachment evidence established actual innocence when it "clearly and convincingly shows that the murders <u>could not</u> have happened as the Commonwealth proposed at trial"); <u>Wadlington v. United States</u>, 428 F.3d 779, 784 (8th Cir. 2005); <u>Stafford v. Saffle</u>, 34 F.3d 1557, 1562 (10th Cir. 1994) ("None of the other evidence proves actual innocence. The agreement between Verna and the prosecutors is only impeachment evidence, rather than evidence of actual innocence."); <u>Patterson v. Bartlett</u>, 56 F. App'x 762, 763 (9th Cir. 2002) (unpublished memorandum decision) (finding that actual innocence claim was not established by "impeachment evidence that attacks the credibility of the victim and her mother"); <u>Jones v. Annuci</u>, 124 F. Supp. 3d 103, 123-24 (N.D.N.Y. 2015).

[7] For McNemar's own summary of the state's case, see Dkt. No. 19-2 at 10-11.

MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [DKT. NO. 26], GRANTING RESPONDENT'S MOTION TO
DISMISS [DKT. NO. 20], AND DENYING CERTIFICATE OF APPEALABILITY

B.    McNemar's Second Ground

In his second ground, McNemar argues that Dyer provided ineffective assistance as habeas counsel when he failed "to raise the issue that the state intentionally withheld an interview report taken from the alleged victim according to Brady v. Maryland" (Dkt. No. 1 at 10). He asserts that, during the first omnibus hearing, it came to light that the state's trial counsel had never turned over a copy of the victim's interview report that would have provided "extremely valuable impeachment evidence" of the alleged victim. Id. According to McNemar, Dyer was ineffective by failing to "ask[] the Circuit Court for a continuance in order to supplement the argument that the State withheld the interview report." Id. at 11.

This second ground falls squarely within the prohibition in § 2254(i), which precludes from consideration "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings." Despite McNemar's objection to the contrary (Dkt. No. 28 at 2), Martinez v. Ryan does not except grounds for relief barred by § 2254(i). 566 U.S. at 17 ("In short, while § 2254(i) precludes Martinez from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief,' it does not stop Martinez from using it to establish 'cause.'"). Therefore, the Court **ADOPTS** the recommendation in the

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26], GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 20], AND DENYING CERTIFICATE OF APPEALABILITY**

R&R (Dkt. No. 26), and **GRANTS** Plumley's motion to dismiss the second ground raised by McNemar (Dkt. No. 20).

### IV. CONCLUSION

After pursuing two unsuccessful habeas petitions in state court, McNemar presents two grounds for relief under § 2254. The Supreme Court's limited holdings in <u>Martinez</u> and <u>Trevino</u>, however, do not permit McNemar to bring a claim for ineffective assistance of appellate counsel that was procedurally barred in state court, or to raise a challenge to the assistance of his habeas counsel that is precluded by § 2254(i). Therefore, for the reasons discussed, the Court

1) **ADOPTS** the R&R (Dkt. No. 26);

2) **GRANTS** Plumley's motion to dismiss (Dkt. No. 20); and

3) **DENIES** and **DISMISSES** the Petition **WITH PREJUDICE** (Dkt. No. 1).

It is so **ORDERED**.

### CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26], GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 20], AND DENYING CERTIFICATE OF APPEALABILITY**

certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because McNemar has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003). Upon review of the record, the Court concludes that McNemar has failed to make the requisite showing, and **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the pro se petitioner, certified mail, return receipt requested, to enter a separate judgment order, and to remove this case from the Court's active docket.

DATED: March 24, 2017.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE